HAGENS BERMAN

Jason A. Zweig
**HAGENS BERMAN SOBOL SHAPIRO LLP**
555 FIFTH AVENUE, SUITE 1700
NEW YORK, NY10017
www.hbsslaw.com
**(212) 752-5455**
**jasonz@hbsslaw.com**

October 22, 2020

**VIA ECF**

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: *McAdams v. Eastman Kodak Company, et al.* (1:20-cv- 06861-JGK)**

Dear Judge Koeltl:

Pursuant to Local Rule 7.1(d), counsel for Lead Plaintiff movants Charles Satterwhite, Terry Butler, and Woodling, (together "Movants") submit this letter motion to temporarily stay this action pending appointment of the lead plaintiff in the first filed action in the District Court in New Jersey pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") .

Currently pending in the District of New Jersey and the Southern District of New York are two near-identical securities class actions against the Eastman Kodak Company ("Kodak" or the "Company") and one or more of its officers.

On August 13, 2020, the first complaint was filed in the District of New Jersey on behalf of all persons and entities that purchased or acquired Kodak common stock between July 27, 2020 and August 7, 2020, and asserts claims for violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) against Kodak, James V. Continenza ("Continenza"), and David Bullwinkle ("Bullwinkle" and together with the Company and Continenza, "Defendants"). *See Tang v. Eastman Kodak Co., et al*, No. 3:20-cv-10462-FLW-ZNQ (D.N.J), ECF No. 1 (the "*Tang* Complaint"). That action is pending before the Honorable Freda L. Wolfson.[1]

[1] The Notice of Pendency in the initial case triggers the sixty-day filing deadline for investors seeking to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). If more than one action on behalf of a class asserting substantially the same claim or claims arising under the PSLRA is filed, only the plaintiff or plaintiffs in the first filed action are required to cause notice to be published in accordance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(A). *See* Notice of Filing of PSLRA Motion For Appointment as Lead Plaintiff in the First Filed Case in the District of New Jersey. ECF No. 14.

October 22, 2020
Page 2

On August 26, 2020, this second securities class action was filed in the Southern District of New York against Kodak and Continenza with a class period extended by a few days.

Pursuant to the PSLRA,[2] and following the PSLRA notice published in the *Tang* action, Movants, together with multiple other competing movants, filed motions for appointment as Lead Plaintiff and for approval of their selection of Lead Counsel in both the above-referenced action and in the *Tang* action. While generally, a court shall not make a determination on the appointment of lead plaintiff until after consolidation of multiple cases,[3] absent transfer, a motion for consolidation cannot be made. Typically, in these circumstances either the movants agree that the court in the earlier-filed action determine the appointment of the lead plaintiff, or the court in the later-filed action stays or defers to the earlier-filed action. *See, e.g., 800-Flowers, Inc. v. Intercontinental Florist, Inc*., 860 F. Supp. 128, 131 (S.D.N.Y. 1994) ("Where two courts have concurrent jurisdiction over an action involving the same parties and issues, courts will follow a "first filed' rule whereby the court which first has possession of the action decides it . . . . Generally, there is a strong presumption in favor of the forum of the first-filed suit." (internal citations omitted)); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001) ("The first-filed rule seeks to advance judicial economy, protect a plaintiff's choice of forum and avoid duplicative litigation. It also protects parties from the considerable expense and potential for inconsistent judgments that duplicate litigation entails." (internal citations omitted)).

At present, the deadline for oppositions to competing lead plaintiff motions in the *Tang* action is November 2, 2020, while the opposition deadline in this later-filed case is October 27, 2020. Briefing the same issue in two different courts with different deadlines is neither efficient nor cost effective for the parties or the courts.

In light of the foregoing, including the overlap between the instant action and the *Tang* action and the lead plaintiff motions pending in both courts, and to ensure economy of time and

---

[2] *See* 15 USC § 78u-4(a)(3)(A) ("Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—(I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." ).

[3] 15 USC § 78u-4(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [15 USC §§ 78a *et seq*.] has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered.").

010948-11/1363828 V1

effort for the Court, for counsel, and for litigants, Movants respectfully request that this Court enter an Order staying this action pending determination by the court in the *Tang* action on the appointment of lead plaintiff. Alternatively, Movants request that the lead plaintiff briefing schedule parallel that of the *Tang* action.

DATED: October 22, 2020	Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Jason A. Zweig*
    JASON A. ZWEIG, JZ-8107
555 Fifth Avenue, Suite 1700
New York, NY  10017
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
jasonz@hbsslaw.com

Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*